## Staunton

MELVIN LLOYD MANLEY, ALIAS, ETC. v. COMMONWEALTH OF VIRGINIA.

September 4, 1970.

Record No. 7273.

Present, All the Justices.

*Stanley E. Sacks* (*Sacks, Sacks & Tavss*, on brief), for plaintiff in error.

*Anthony F. Troy, Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

I'ANSON, J., delivered the opinion of the court.

Melvin Lloyd Manley, defendant, was convicted by the court of possession of marijuana, a narcotic drug, in violation of § 54-488, Code of 1950, 1967 Rep. Vol.,[1] and sentenced to confinement in the State penitentiary for a term of four years and fined $500. We granted defendant a writ of error.

At the commencement of the trial in the court below the defendant, by counsel, moved the court to suppress the evidence of the marijuana seized on the grounds that the affidavit upon which the search warrant was issued was based on hearsay information;[2] that the affidavit did not state sufficient facts and circumstances constituting probable cause for issuance of the warrant; and that the search of his premises and seizure of the marijuana violated the rights guaranteed to him by the Fourth Amendment to the Constitution of the United States. After hearing evidence, the trial court overruled the motion.

On July 11, 1968, at about 11:30 a.m., Detective R. H. Isaacs of the Norfolk Police Department obtained from a justice of the peace a warrant authorizing him to search the apartment of the defendant at 313 W. 27th Street in the City of Norfolk. Shortly thereafter Isaacs and another detective went to the defendant's apartment and served him with the search warrant.

There were five units in the apartment building, three on the first floor and two on the second floor. Defendant's apartment was on the first floor. Carole Speller, in whose name the apartment was rented, was also present when the officers entered the apartment. Defendant paid the rent on one occasion, and his name appeared on the mailbox.

Upon searching the front room of the apartment, Isaacs found a large quantity of marijuana in a cabinet and in a suitcase. Defendant volunteered the statement that Miss Speller had "nothing to do with it, it's mine."

The relevant portion of the affidavit on which the warrant was obtained reads as follows:

"2. The material facts constituting probable cause for issuance of the search warrant. I have received information from a reliable informant who states that he was at the apartment of Melvin Lloyd

---

1. Now Code § 54-524.55, Acts of 1970, c. 650, at 1369.

2. This contention was later abandoned, it having been held in *Jones* v. *United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), that an affidavit may be based on hearsay information.

Manley, 313 West 27th Street, this past week and he saw a large quantity of marijuana (a narcotic drug) in a chest in the front room and also some marijuana was in a dresser drawer in the middle room. My informer also states that in the past month he has smoked marijuana in the apartment * * * and in the past month he has made two purchases of marijuana from Melvin Lloyd Manley.

\* \* \* \* \*

"4. Place to be searched: 313 West 27th Street, a dwelling. The apartment of Melvin Lloyd Manley."

Defendant now contends (1) that the trial court erred in admitting in evidence the seized marijuana because (a) the justice of the peace was without authority to take the affidavit upon which he issued the search warrant, (b) the affidavit did not state the underlying circumstances for the informant's conclusion that the marijuana was where he said it was and that the informant was "credible" or his information "reliable," and (c) the apartment to be searched was not sufficiently described in the affidavit and warrant; and (2) that the evidence was insufficient to support his conviction.

Section 19.1-85, Code of 1950, as amended, 1960 Rep. Vol., provides in part that no search warrant may issue until there is filed with the officer authorized to issue the warrant an affidavit reasonably describing the house or place to be searched and also alleging material facts constituting probable cause for the issuance of the warrant.

When the general laws relating to justices of the peace were revised and amended by Chapter 639, Acts of 1968, there was deleted from Code § 49-4[3] the provision for making affidavits before or administering oaths by justices of the peace. Thus defendant argues that since the justice of the peace was not authorized by statute to take the affidavit, the warrant was void, the search illegal, and the evidence obtained in the illegal search and seizure was inadmissible.

The question of the authority of the justice of the peace to take the affidavit was raised for the first time on this appeal.

■ The Supreme Court of the United States recognized in footnote 9 of its opinion in *Mapp* v. *Ohio*, 367 U.S. 643, 659, 81 S.Ct. 1684, 1693, 6 L.E.2d 1081, 1092, 84 A.L.R.2d 933, 945 (1961), *rehearing denied* 368 U.S. 871, 82 S.Ct. 23, 7 L.Ed.2d 72 (1961),

---

3. The deleted provision was restored by Acts of 1970, ch. 783, at 1681. Obviously it was inadvertently deleted by Acts of 1968.

that in determining whether a State criminal conviction is constitutionally permissible because of the admission of evidence obtained as a result of an illegal search and seizure, State procedural requirements must be respected.

■ Rule 1:8, Rules of Court, provides in part that all objections requiring a ruling or judgment of the trial court shall state with reasonable certainty the ground of objection, and unless it appears from the record to have been so stated, such objections will not be considered by this court. See *Fletcher* v. *Commonwealth*, 209 Va. 636, 640, 166 S.E.2d 269, 273 (1969).

An objection that a search warrant was not supported by an affidavit as required by statute cannot be raised for the first time on appeal from a conviction. See *Harlow* v. *Commonwealth*, 195 Va. 269, 273, 77 S.E.2d 851, 854 (1953); *Nicholas* v. *Commonwealth*, 186 Va. 315, 324, 42 S.E.2d 306, 311 (1947). See also *Frogg* v. *Commonwealth*, 163 Ky. 175, 173 S.W. 383, L.R.A. 1915D 330 (1915).

There is a general procedural requirement in most jurisdictions that if a defendant wishes to preserve his right to challenge on appeal the constitutionality of a search and seizure through which certain evidence has been obtained, he must take timely steps in the lower court, either through a motion to suppress the evidence before trial or by sufficient objection to the use of the evidence when offered at trial. *United States* v. *Gitlitz*, 368 F.2d 501, cert. denied 386 U.S. 1038, 87 S.Ct. 1492, 18 L.Ed. 2d 602, *rehearing denied*, 389 U.S. 908, 88 S.Ct. 210, 19 L.Ed.2d 227 (2d Cir. 1966); 29 Am.Jur.2d, Evidence, §§ 425, 426, at 481, 483. See also Annotations: 50 A.L.R.2d 531, §§ 11, 12, at 583, 592, and 30 A.L.R. 3d 128, § 10, at 178-84, and the numerous cases there collected.

Since the defendant did not raise the question of the authority of the justice of the peace to take the affidavit of the affiant-officer in the court below, it will not now be considered by us.

■ Defendant says that the affidavit upon which the search warrant was issued was insufficient in that it did not state the underlying circumstances constituting probable cause for the issuance of the warrant, as required by the test set out in *Aguilar* v. *Texas*, 378 U.S. 108, 114, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723 (1964), and later explained and referred to as a "two-pronged test" in *Spinelli* v. *United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

In *Aguilar* the test for determining probable cause in those many instances where the affidavit is based solely or substantially upon an

informer's tip was set forth as follows: (1) the affidavit must describe some of the underlying circumstances necessary to enable a neutral and detached magistrate to judge the validity of the informant's conclusion that the narcotics were where he claimed they were; and (2) the affidavit must describe some of the underlying circumstances from which such magistrate can determine that the affiant officer's unnamed informant, whose identity need not be disclosed, was "credible" *or* his information "reliable."

Clearly the affidavit in the instant case satisfies *Aguilar's* first requirement of the test. The informant's information was based on personal observation and participation in the defendant's illegal activity. The neutral and detached justice of the peace could thus conclude that the allegations were based on facts, not suspicion or rumor. *Spinelli, supra,* 393 U.S. at 416, 89 S.Ct. at 589, 21 L.Ed.2d at 643.

We next consider whether the affidavit meets the second requirement of the test, that of credibility or reliability.

Where the accuracy of the information received from a confidential informant is not supported by other sources known or stated to be accurate or from corroborated facts known or discovered by the affiant personally or from other official or reliable reports, the officer-affiant must present in his affidavit a substantial factual basis for crediting the informant's story.

A mere allegation that the affiant has "received information from a reliable informant" has been held insufficient to show that the informant was credible, or that his information was reliable. See *Riggan* v. *Virginia,* 384 U.S. 152, 86 S.Ct. 1378, 16 L.Ed.2d 431 (1966) (reversing 206 Va. 499, 144 S.E.2d 298).

The most commonly accepted and approved allegation to substantiate reliability is that the informer is a person of known and proven reliability and has furnished information to law enforcement officers which has been instrumental in procuring convictions. But the credibility of the informer or the reliability of his information may be shown in other ways. Reliability may be found in an informant's statement of facts as an "eyewitness." *McCreary* v. *Sigler,* 406 F.2d 1264, 1269, *cert. denied,* 395 U.S. 984, 89 S.Ct. 2149, 23 L.Ed. 2d 773 (8th Cir. 1969). In *People* v. *Montague,* 19 N.Y.2d 121, 278 N.Y. Supp.2d 372, 224 N.E.2d 873, *cert. denied,* 389 U.S. 862, 88 S.Ct. 116, 19 L.Ed.2d 130 (1967), the reliability standard was said to have been met where the affidavit in sufficient detail established

that the informer was speaking with personal knowledge and relating his own participation with that of the suspects in their illegal activities. In the concurring opinion of Mr. Justice White in *Spinelli*, 393 U.S. at 425, 89 S.Ct. at 593, 21 L.Ed.2d at 649, it is said:

> "* * * But if, for example, the informer's hearsay comes from one of the actors in the crime in the nature of an admission against interest, the affidavit giving this information should be held sufficient."

Here the affidavit established that the informant was stating facts based on his own personal knowledge and was relating his participation in defendant's illegal activity. His statements were admissions against interest. These facts certainly show a substantial basis for the officer-affiant to state that the informant was reliable and for a neutral and detached magistrate to conclude that the informant's information was reliable and that probable cause existed for the issuance of the warrant. Probability, and not a prima facie showing, of criminal activity is the standard for determining probable cause.[4] Hence we hold that the reliability standard of *Aguilar* and *Spinelli* was met.

Defendant says that since the identity of the apartment to be searched was not described with sufficient particularity, the affidavit and warrant were invalid. We do not agree.

Under the Constitution of the United States and the statutory law of Virginia it is essential to the validity of a search warrant that it describe with particularity the place to be searched. All that is required, however, is that the description be such that the officer charged with executing the search warrant can, with reasonable effort, ascertain and identify the place intended.

It has been generally held that a search warrant directed against a multiple-occupancy structure is invalid if it fails to describe the particular sub-unit to be searched with sufficient definiteness to preclude search of other units located in the larger structure and occupied by innocent persons. But there are exceptions to the general rule. Even though a search warrant directed against a multiple-occupancy structure fails to describe the particular sub-unit to be searched, it will ordinarily not be held invalid where it adequately specifies the name of the occupant of the sub-unit against which it is

---

4. *Beck* v. *Ohio*, 379 U.S. 89, 96, 85 S.Ct. 223, 228, 13 L.Ed.2d 142, 147-48 (1964).

directed and provides the searching officers with sufficient information to identify, without confusion or excessive effort, such apartment unit. See Annotation: "Search Warrant—Apartment or Room," 11 A.L.R.3d 1330, §§ 3 and 5, at 1333-39, 1340-41.

Here the affidavit and warrant gave the address of the apartment building and named the defendant as the person whose apartment was to be searched. The language used limited the search to the apartment unit occupied by the defendant. There were only five subunits in the entire building, and we think the apartment of the defendant was sufficiently described for the searching officers to locate it with very little effort.

Lastly, the defendant contends that the mere showing of the presence of marijuana in an apartment, which was occupied by another, is not sufficient to sustain his conviction. There is no merit in this contention.

The evidence shows that the defendant voluntarily stated to the officers that the marijuana found in the apartment was his, and that Carole Speller, who was present at the time of the search and seizure, had nothing to do with it.

For the reasons stated, the judgment is

*Affirmed.*

GORDON, J., concurring in result.

The majority concludes that an informer may be found credible or his information found reliable because he claimed to be an eyewitness or because his information was detailed. I do not so read the opinion of the Court and the concurring opinion of Mr. Justice White in *Spinelli* v. *United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). And I believe reason militates against such a conclusion.

I agree with the majority, however, that reliability in this case was sufficiently established by the informer's admission against interest. So I concur in affirming the judgment.