## Richmond

NORMAN LLOYD HOOPER v. COMMONWEALTH OF VIRGINIA.

June 14, 1971.

Record Nos. 7489 and 7490.

Present, Snead, C.J., I'Anson, Gordon, Harrison, Cochran and Harman, JJ.

*Charles C. Wentworth, II* (*Stephens & Wentworth*, on brief), for plaintiff in error in Record Nos. 7489 and 7490.

*Vann H. Lefcoe, Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error in Record Nos. 7489 and 7490.

I'ANSON, J., delivered the opinion of the court.

Norman Lloyd Hooper, defendant, was tried under two indictments, one charging statutory burglary (Record No. 7489) and

the other charging a violation of the Uniform Narcotic Drug Act (Record No. 7490). He was found guilty by the court of both offenses and sentenced to confinement in the State penitentiary for terms of four years and three years, respectively. The sentence under the narcotics conviction was ordered to run concurrently with the burglary sentence. We granted a writ of error and supersedeas to each judgment.

At approximately 2:45 a.m., on the morning of September 23, 1968, several police officers of the City of Newport News discovered that Goldstein Brothers Furniture Store in that city had been broken into and that three television sets and three transistor radios had been removed therefrom. One of the television sets, a 20-inch Zenith color model, was found in an alley near the store. A stakeout resulted in the apprehension of one Johnathan Lee Smith, when he and others returned to the scene and placed the set in an automobile.

At 7:30 a.m. on the same morning, Lt. J. T. Parker of the Newport News Police Department secured separate warrants to search the residence of the defendant on the second floor of a dwelling at 857 26th Street for the articles stolen from Goldstein Brothers and for "dope, narcotic drugs and paraphernalia." Parker testified that when he executed the search warrants, a 14-inch Zenith color set and a Zenith Royal 59 transistor radio were found in plain view on the premises. He also found a bottle cap and eyedropper under a plastic cover over a slide projector, a piece of nyon hose on the floor, and, in a venetian blind at the top of a window, a plastic container holding 12 capsules of white powder, later analyzed to be methadone hydrochloride, a class A narcotic.

Defendant contends that the two search warrants were void because the affidavits upon which they were based did not contain sufficient allegations of material fact constituting probable cause for their issuance, and that anything seized in the search should have been excluded from the evidence as the product of an illegal search.

The pertinent part of Lt. Parker's affidavit forming the basis for the issuance of the warrant to search defendant's residence for the property stolen from the furniture store stated that "as a result of his [affiant's] investigation and upon information received from a suspect at the scene of the burglary, the above listed property[1] is

---

1."* * * a 14 or 20 inch portable color television, and two portable transistor radios * * *."

supposed to now be at this address and was put there after the burglary, and further that the above information was further told to the complainant by a reliable informant who has furnished information in the past."

■ In order to show whether probable cause exists where an affidavit is based solely or substantially on an informant's tip the affidavit of the officer-affiant must describe (1) sufficient underlying circumstances necessary to enable a neutral and detached magistrate to judge the validity of the informant's conclusion as to the location of the goods, and (2) some of the circumstances which would permit the magistrate to judge the credibility of the unnamed informant or the reliability of his information. *Aguilar* v. *Texas*, 378 U.S. 108, 114, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723, 729 (1964); *Spinelli* v. *United States*, 393 U.S. 410, 412-13, 89 S.Ct. 584, 587, 21 L.Ed.2d 637, 641-42 (1969); *Manley* v. *Commonwealth*, 211 Va. 146, 149-50, 176 S.E.2d 309, 312-13 (1970).

In *Manley, supra,* we held that an affidavit of the officer-affiant setting forth information obtained from a participant in the criminal activity satisfied the two-pronged test of probable cause. We also said, "Probability, and not a prima facie showing, of criminal activity is the standard for determining probable cause." 211 Va. at 151, 176 S.E.2d at 313.

Here the affidavit presented sufficient facts from which the justice of the peace could conclude that the officer-affiant's source of information, "a suspect at the scene of the burglary," had been a participant in the criminal activity and, consequently, that he spoke with first-hand knowledge of the location of the stolen goods. The justice of the peace was thus in a position to weigh both the validity of the informant's statement and the reliability of the information.

Hence we hold that the affidavit satisfied the two-pronged test of *Aguilar, Spinelli* and *Manley,* and that the evidence introduced was the result of a legal search and was admissible.

■ The pertinent part of the affidavit supporting the warrant to search defendant's residence for narcotics (Record No. 7490) stated that "a reliable source of information that has given information in the past, that has resulted in arrests being made for narcotic violations, stated that there is a quantity of dope or narcotic drugs secreted about the above premises and are being dispensed there to persons living there, and others."

The above affidavit failed to allege sufficient underlying facts from

which the justice of the peace could judge the validity of the informant's conclusion as to the location of the narcotics. It cannot be determined from the affidavit whether the informant was speaking out of personal knowledge and observation or as a result of casual rumor. The affidavit was merely a statement of a conclusion by the informant and the officer-affiant that the defendant was in possession of narcotics at that time. *Wiles* v. *Commonwealth*, 209 Va. 282, 286, 163 S.E.2d 595, 598 (1968).

Since the affidavit did not meet the test for probable cause, the search warrant was void, and the search conducted thereunder was illegal. Hence the evidence introduced as a result of the search was inadmissible. *Aguilar, supra*, 378 U.S. at 115-16, 84 S.Ct. at 1514.

For the reasons stated, the judgment of conviction for statutory burglary is affirmed; but the judgment of conviction on the narcotics indictment is reversed and that case is remanded for a new trial if the Commonwealth be so advised.

> *Judgment affirmed in Record No. 7489; judgment reversed and remanded in Record No. 7490.*