## Richmond

WILLIAM R. BERGER, ETC. v. COMMONWEALTH OF VIRGINIA.

MONIQUE C. BERGER v. COMMONWEALTH OF VIRGINIA.

MARY PRESTON COLLIGAN v. COMMONWEALTH OF VIRGINIA.

PATRICK JOHN COLLIGAN v. COMMONWEALTH OF VIRGINIA.

June 12, 1972.

Record Nos. 7895, 7896, 7897 and 7898.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Cochran and Harman, JJ.

*John C. Lowe (F. Guthrie Gordon, III; Lowe and Gordon,* on brief), for plaintiffs in error in Record Nos. 7895, 7896, 7897 and 7898.

*James E. Kulp, Assistant Attorney General; William P. Robinson, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error in Record Nos. 7895, 7896, 7897 and 7898.

Per Curiam.

William R. Berger, sometimes known as William Randolph Berger, Monique C. Berger, Mary Preston Colligan, and Patrick John Colligan, defendants, were convicted by the court below, sitting without a jury, of possession of marijuana, and they are here on writs of error

to the respective judgments. Their convictions rest essentially on the same set of facts, and the cases will be treated by us as one.

Defendants have assigned numerous errors, but in our view we need proceed no further than our conclusion that the affidavit for the issuance of the search warrant executed herein showed no facts upon which to base a finding of probable cause, and the evidence obtained as a result of the illegal search was inadmissible.

The record shows that a State trooper and two deputy sheriffs of Goochland County made oath before a justice of the peace that they had observed a dwelling formerly owned by I. S. Jordan over a period of two months, and had noticed a great number of persons entering and leaving the property at all hours of the day and night; that on June 17, 1970, they noticed a number of vehicles parked in the yard of the premises, observed a great number of persons milling about the property, and heard laughing, screaming, and other noises indicating unusual activity; that they saw a number of persons going in and out of a tent erected in the yard; that they "further observed persons in the tent smoking a substance which required use of a great number of matches to remain lighted [and] the substance being smoked appeared to be used in such a manner as that of Cannabis Sativa L * * *"; and that they believed that cannabis and other dangerous drugs were on the premises contrary to law.

In order for a magistrate to properly issue a warrant to search the private dwelling of another, he must be presented with sufficient allegations of material fact or circumstance from which he can determine probable cause for the issuance. Mere affirmation in the affidavit of belief or suspicion is not enough. *Nathanson* v. *United States*, 290 U.S. 41, 47 (1933); *Aguilar* v. *Texas*, 378 U.S. 108, 112 (1964); § 19.1-85, Code of 1950, as amended, 1960 Repl.Vol.

The loud noises and "unusual activity" asserted in the affidavit create at best a suspicion of the cause of the activity. The above-quoted language in the affidavit, that the people were smoking a substance which required the use of many matches and that it "appeared to be used in such a manner as that of Cannabis Sativa L," is a mere conclusion, devoid of that kind of detail which would enable a neutral and detached magistrate to arrive at his own conclusion as to what was being smoked. The number of matches used is insignificant without the detection of an odor or description of some observed method of use peculiar to the smoking of marijuana.

While the affidavit herein did not lack detail, the detail was in the

form of conclusions rather than facts, and did not permit the justice of the peace to judge for himself the persuasiveness of the facts relied on to show probable cause. *Aguilar* v. *Texas, supra,* 378 U.S. at 113-14.

For the reasons stated herein, the judgments are set aside and reversed and the cases remanded for further proceedings, if the Commonwealth be so advised.

*Reversed and remanded.*