## 48705. ROGERS v. THE STATE.

DEEN, Judge. 1. A statement in an affidavit in support of a search warrant dated February 11, 1972 that "Information is further substantiated by information received on January 19, 1971, by a relative of one of the individuals named herein as a resident" of specified address, adds nothing to the affidavit. There is no statement as to the reliability of such informant, and the information, being a year old, is stale and worse than useless.

2. A statement in an affidavit in support of a search warrant that the affiant was told by an informant whose reliability is based on the fact that information received from him over the past 14 months has resulted in the arrest of seven persons; that such informant has within the past 48 hours seen LSD in the defendant's apartment, at a stated address, and that the drug is there at present, is a sufficient statement upon which to base the warrant. Facts are stated supporting the conclusion as to this informer's reliability, and the conclusion that there is presently LSD in the apartment is sufficiently supported by the statement that it has been seen there within the past two days. Spinelli v. United States, 393 U.S. 410, 416 (89 SC 584, 21 LE2d 63); *Jackson v. State,* 129 Ga. App. 901. A 48-hour delay in obtaining the warrant was held not excessive in *Driscoll v. State,* 129 Ga. App. 702 (201 SE2d 11).

3. Where evidence was introduced that the room where the LSD and marijuana, possession of which is the gravamen of this case, were found was the defendant's bedroom, the court, on objection, properly ruled out the final statement as a conclusion. If error, this was not harmful to the defendant where the witness was then asked whose room the drugs were found in and testified that he was told by the defendant that the bedroom was his.

4. The arresting officer testified positively that he had informed the defendant of his right to counsel, right to have appointed counsel, and right to remain silent, or to cease answering questions at any time. He then detailed a conversation with the defendant, including the following: "He made the statement to me that all of this stuff belonged to him and that he received it through the

mail from California. He was under the impression it was organic mescaline, the LSD was organic mescaline, and that he would stand up in court and testify it was his." The defendant denied the statement was voluntary and denied he had received the Miranda warnings. The court chose to believe the police officer and ruled the testimony admissible.

5. We have examined the remaining enumerations of error and find them without merit. Several complain that the defendant was prejudiced because of a large discrepancy in the valuation of the drug between the state's and the defendant's estimates. There is no testimony given before the jury as to "street value" and we find this issue irrelevant to the question of the defendant's guilt or innocence. The state's evidence did as a matter of fact trace the chain of possession of the confiscated material between the time of seizure and the time of analysis in the state laboratory, so as to make the resulting testimony admissible, and the fact that the large bag contained several smaller bags, and that the laboratory findings are based on random samples of some, but not all, of these smaller bags, they appearing visually identical, and the quantity not being in issue, does not render the testimony as to the laboratory findings inadmissible.

*Judgment affirmed. Quillian, J., concurs. Bell, C. J., concurs in the judgment only.*

ARGUED OCTOBER 2, 1973 — DECIDED OCTOBER 18, 1973 — REHEARING DENIED NOVEMBER 2, 1973.

*Weiner & Bazemore, Paul S. Weiner,* for appellant.
*William H. Ison, District Attorney, Robert E. Keller,* for appellee.