## Richmond

JEAN MARIE WHEELER v. COMMONWEALTH OF VIRGINIA.

KEITH WILLIAM WHEELER v. COMMONWEALTH OF VIRGINIA.

June 11, 1976.

Record Nos. 751074 and 751075.

Present, All the Justices.

*John C. Lowe (F. Guthrie Gordon, III; Lowe and Gordon, Ltd.,* on brief), for plaintiff in error in Record Nos. 751074 and 751075.

*James E. Kulp, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error in Record Nos. 751074 and 751075.

HARMAN, J., delivered the opinion of the court.

Jean Marie Wheeler and Keith William Wheeler (defendants) were convicted by the trial court, sitting without a jury, of possession of lysergic acid diethylamide (LSD) and marijuana, and possession, with intent to distribute, of amphetamines. We granted this appeal to consider defendants' challenge to the validity of the search warrant authorizing a search of the defendants' residence. In particular, we

must determine whether the affidavit contained sufficient facts for a neutral and detached magistrate to make the requisite finding of probable cause.

On September 16, 1974, police officers of the City of Richmond obtained a search warrant authorizing them to search defendants' residence at 1906 Stonewall Avenue. Upon execution of this search warrant, they discovered a large quantity of amphetamines, some LSD, marijuana and drug paraphernalia on the premises. This search warrant was issued upon an affidavit sworn to by Detective O. A. Martin, Jr. of the Richmond City Police, which provides, in part:

"(1) Substantially the offense in relation to which search is to be made. LSD stored [illegally] . . . at this itme.

"(2) The material facts constituting probable cause for issuance of the warrant. Received information from a reliable informer that within the past 48 hours of this date September 16, 1974 that he saw a large quantity of LSD brought down from upstairs and sold to a w-m by [an] unknown w-m and the rest of the LSD was taken back upstairs, also this informer stated that a marijuana plant was . . . growing in a crock on the front porch of 1906 Stonewall Ave., I received this information from the above described informer within the past 48 hours of this date Sept. 16, 1974.

"The above described informer has given me information that has led to the arrest and conviction of William F. McCarvell for possession of marijuana in Gen. Dist. Crt., Criminal Div. Manchester within the past year of this date, also this informer has given me information that has led to the arrest and conviction of Chris Neikes for possession of marijuana in Gen. Dist. Crt., Criminal Div. One within the past 12 months of this date.

"Det. C. R. Wells and myself went to 1906 Stonewall Ave. this date at approx. 4:00 P.M. and saw setting on the front porch (Northside) a stone type crock with a plant growing from same that was approx. 5' to 6' tall and appeared to be a marijuana plant.

\* \* \*

"(4) The 1906 Stonewall Ave. (dwelling) In the City of Richmond, Virginia to be searched."

Defendants contend that the affidavit does not set out any material facts substantiating the informant's conclusion that the substance he observed was LSD or that the substance observed was located at

1906 Stonewall Avenue. They argue that the search was illegal, the evidence obtained therein was inadmissible and, therefore, their convictions are void.

An affidavit for a search warrant based solely or substantially upon information from an informant must describe (1) sufficient underlying circumstances to enable a neutral and detached magistrate to judge the validity of the informant's conclusion as to the location of the contraband, and (2) some of the circumstances which would permit the magistrate to judge the credibility of the unnamed informant or the reliability of his information. *Aguilar v. Texas*, 378 U.S. 108, 114 (1964); *Spinelli v. United States*, 393 U.S. 410, 415-416 (1969); *Warren v. Commonwealth*, 214 Va. 600, 601-602, 202 S. E. 2d 885, 887 (1974); *Guzewicz v. Commonwealth*, 212 Va. 730, 732, 187 S. E. 2d 144, 146 (1972); *Hooper v. Commonwealth*, 212 Va. 49, 51, 181 S. E. 2d 816, 817 (1971); *Manley v. Commonwealth*, 211 Va. 146, 149-150, 176 S. E. 2d 309, 312-313 (1970).

The affidavit in question here clearly satisfies the second requirement of the *Aguilar-Spinelli* test. It sets out that this informant had previously furnished information which led to other convictions and that the informer saw and observed contraband drugs at the described location within the preceding two days. *Huff v. Commonwealth*, 213 Va. 710, 714, 194 S. E. 2d 690, 694 (1973); *Manley v. Commonwealth, supra*, 211 Va. at 150, 176 S. E. 2d at 313.

Defendants contend, however, that the affidavit does not satisfy the first requirement of the *Aguilar-Spinelli* test; *viz.*, that the affidavit fails to provide material facts supporting the informant's conclusion that the substance he observed was LSD and it fails to state that the substance observed by the informant was located at 1906 Stonewall Avenue, the residence to be searched.

The Supreme Court established standards to be applied by magistrates and reviewing courts in interpreting an affidavit for a search warrant when it said:

". . . [T]he Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under

common law pleadings have no proper place in this area. . . ." *United States* v. *Ventresca*, 380 U.S. 102, 108 (1965).

We have held that where a reliable informant's information is based on personal observation and participation in the illegal activity, a neutral and detached magistrate could find that the allegations in support of the affidavit are based on fact and not upon supposition and rumor. *Manley* v. *Commonwealth, supra,* 211 Va. at 150, 176 S. E. 2d at 313. Other jurisdictions have held affidavits, which state that a reliable informant personally observed narcotics upon the person or in the home of the accused, sufficient. *Rogers* v. *State*, 130 Ga. App. 176, 202 S. E. 2d 560 (1973); *State* v. *Lemons*, 21 Ariz. App. 316, 519 P. 2d 69 (1974); *State* v. *Thompson*, 13 Wash. App. 526, 536 P. 2d 683 (1975); *People* v. *Arnold*, 186 Colo. 372, 527 P. 2d 806 (1974); *Morgan* v. *State*, 516 S. W. 2d 188 (Tex. Crim. App. 1974); *Pecina* v. *State*, 516 S. W. 2d 401 (Tex. Crim. App. 1974).

A search warrant affidavit is not insufficient because it fails to show how the informant knew that the substance that he observed was a narcotic. *United States* v. *Shipstead*, 433 F. 2d 368, 372 (9th Cir. 1970); *Dishman* v. *State*, 3 Tenn. Cr. App. 725, 460 S. W. 2d 855 (1970); *Pecina* v. *State, supra; State* v. *Hill*, 135 Ga. App. 214, 217 S. E. 2d 190 (1975).

The statement in an affidavit that a reliable informant has seen LSD in the accused's apartment, at a stated address, within the past forty-eight hours, and that the drugs were still there, was held a sufficient statement of facts upon which to base a search warrant. The conclusion that LSD was presently being kept in an apartment was supported by the informant's statement that it had been seen there within the past two days. *Rogers* v. *State, supra,* 130 Ga. App. at 176, 202 S. E. 2d at 561.

Defendants' reliance upon *Wiles* v. *Commonwealth*, 209 Va. 282, 163 S. E. 2d 595 (1968) and *Berger* v. *Commonwealth*, 213 Va. 54, 189 S. E. 2d 360 (1972) is misplaced. In *Wiles,* the affidavit did not establish that the informant's information was based on personal observation. The *Berger* affidavit was found deficient because it stated conclusions rather than facts. *See Hollis* v. *Commonwealth*, 217 Va. 874, 223 S. E. 2d 887 (1976).

The affidavit in question here is based upon the personal observations of a reliable informant. A neutral and detached magistrate could most certainly determine, from the statements in the affidavit sup-

porting the informant's reliability, that this informant was familiar with drugs and "the drug culture" and that he could readily recognize LSD. A commonsense reading of the affidavit, as a whole, leads to the conclusion that defendants' residence at 1906 Stonewall Avenue, the only address mentioned in the affidavit, is the place where the informant observed the LSD. For these reasons the judgments of the trial court are affirmed.

*Affirmed.*