## CIRCUIT COURT OF BEDFORD COUNTY

Commonwealth of Virginia

v.

Conley Laine Osborne

September 21, 1977

By JUDGE WILLIAM W. SWEENEY

An evidentiary hearing in this case on defendant's motion to suppress evidence obtained as result of an alleged illegal search and seizure was conducted on September 12, 1977.

The questions presented are:

1) Was the affidavit for the search warrant sufficient?

2) Did the officer's failure to file an inventory of the seized property under oath invalidate the search?

3) Did the search warrant cover the premises?

Considering the third question first, Section 19.2-57 of the Virginia Code (as amended in 1977) provides in part "The warrant shall be executed by the search of the place described in the warrant." The place described in this search warrant is "one story white frame house located on west side of State Route 616, 4/10 mile southeast of State Route 757, owned by Dr. Bush. . . and all adjoining buildings located thereon."

Facially, the search warrant covered only the house and adjoining buildings. It did not cover adjacent premises, yards or appurtenances. A search warrant is not required for the search of items in an open field under

the "Open Field Doctrine," but a warrant is required for search within the curtilage of the dwelling.

> It is generally held that the constitutional guarantee against unreasonable searches and seizures is not limited to the home or house but extends to the curtilage. 79 C.J.S., *Searches and Seizures*, Section 13, p. 790.

> The "curtilage" is defined as follows:

> The curtilage of a dwelling house is a space necessary and convenient, habitually used for family purposes and the carrying on of domestic employment; the yard, garden or field which is near to and used in connection with the dwelling. *Bare v. Commonwealth*, 122 Va. 783, 795 (1917).

The evidence at the hearing disclosed that items outside the dwelling were found in the garden and in the yard. Such items were not found in a field and therefore, the "Open Field Doctrine" does not apply.

As to the second question, Section 19.2-57 provides, "The officer who seizes any property shall prepare an inventory thereof, under oath." The officer made an inventory on the back of the search warrant but such inventory was not signed nor under oath. Rule 3A:27 likewise provides for search and seizure under a warrant and outlines procedures to be followed including the requirement of an inventory under oath. Does the failure to follow the statute as to inventory invalidate the search?

The Fourth Amendment to the United States Constitution protects people against unreasonable searches and seizures and provides that no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the person or things to be seized. No provision is made for the manner of execution of the warrant or prior filing an inventory of the items seized. The Virginia rule and statute do impose this duty on the officer but a failure to comply therewith does not violate constitutional requirements.

While the failure of the officer to execute his inventory under oath is a violation of a ministerial duty, it does not render the search warrant invalid.

In fact, the officer has already testified under oath that the items which he listed on the back of the search warrant were the items seized. Even at this point, the officer could correct his error and sign the inventory list under oath. The same reasoning would apply to any other procedural omissions by the officer as to time, place and manner of making his return.

At 79 C.J.S. *Searches and Seizures*, Section 76, the general law is stated:

> The filing, docketing, or recording of the affidavit or application for a search warrant must comply with statutory provisions; *but failure of the issuing officer in these respects has been merely a neglect of a ministerial duty, which does not render the warrant invalid.*

Analogous is the last paragraph of Section 19.2-54 which contains a savings clause for an officer failing to file a search warrant affidavit. I hold therefore that the failure of the officer to sign the inventory under oath as required was not fatal to the validity of the search warrant. Any defect may be corrected at any time before trial since § 19.2-57 (unlike Section 19.2-54) contains no time restrictions for correcting procedural errors.

The first question raised on the motion to suppress is the sufficiency for the affidavit upon which the search warrant was issued. The affidavit states that the information therein is based upon personal observation of the officers who were lawfully on the premises to execute a trespass warrant. It is complete as to dates, location, names and other details which would enable the issuing magistrate, sitting as a judge, to reach a conclusion that the officers had sufficient probable cause to believe that controlled drugs were in the house.

In summary, the affidavit states that the officers observed a glass on a porch at the side of the house. The glass contained a green plant substance believed to be marijuana. One of the officers had extensive drug training and had worked undercover in drugs. Upon being questioned as to the substance in the glass, the defendant went to his wife on the porch, whispered in her ear, and told her to get back into the house. She then ran into the house and locked the doors. After having been

refused entrance to the house, the officers left and obtained a search warrant.

An affidavit upon which a search warrant is issued is insufficient if it does not state the underlying circumstances constituting probable cause for the issuance of the warrant. Where reliance is upon an informer's tip, the tests are as set out in *Aguilar v. Texas*, 378 U.S. 108 (1964). Where, as here, the informant's information is based on personal observation and participation, the test is as set out in *Spinelli v. United States*, 393 U.S. 410 (1969), and *Manley v. Commonwealth*, 211 Va. 146 (1970). The informant must state facts within his own knowledge and such statements in the affidavit must meet the test of reliability.

I conclude, as did the Court in *Manley*, that the allegations were based on facts and that the reliability standard and the underlying circumstances requirement were met. A neutral and detached magistrate could conclude that probable cause existed for the issuance of this search warrant.

I rule that the search of the house was valid. Any controlled drugs seized therein are admissible at trial. Items discovered outside the house are suppressed as evidence for reasons stated.