RIGGAN *v.* VIRGINIA.

No. 887.   Decided May 2, 1966.

*H. Clifford Allder* for petitioner.

*Robert Y. Button,* Attorney General of Virginia, and *M. Harris Parker,* Assistant Attorney General, for respondent.

PER CURIAM.

The petition for a writ of certiorari is granted. The judgment is reversed. *Aguilar* v. *Texas,* 378 U. S. 108.

MR. JUSTICE CLARK, with whom MR. JUSTICE BLACK, MR. JUSTICE HARLAN, and MR. JUSTICE STEWART join, dissenting.

Probable cause for the issuance of the warrant in this case authorizing the search of apartment 604C, 3000 Spout Run Parkway, Arlington, Virginia, was based upon the recital in the affidavit of "personal observation of the premises" by Officer Stover, the affiant, and "information from sources believed by the police department to be reliable."*

---

*It is interesting to note that an affidavit with allegations identical to those now in question was approved by the Virginia Supreme Court of Appeals in *Tri-Pharmacy, Inc.* v. *United States,* 203 Va. 723, 127 S. E. 2d 89 (1962). We denied certiorari in *Tri-Pharmacy* in January 1963, 371 U. S. 962, before *Aguilar* but a month after the argument in *Ker* v. *California,* 374 U. S. 23 (1963), and during the same Term that the opinion in *Ker* was announced. In view of the fact that *Ker* is the first and leading case on the implementation of *Mapp* v. *Ohio,* 367 U. S. 643 (1961), it is strange that we denied certiorari in *Tri-Pharmacy* at that time rather than holding

The Supreme Court of Appeals of Virginia found that Officer Stover had the apartment building at 3000 Spout Run Parkway under his personal surveillance in December 1962 and January 1963. During those months he saw the petitioner Riggan "come and go" from the building. Riggan was known to the police, having been arrested in November 1962 on a charge of assault. That arrest was made at apartment 604C by Officer Hartel, who noticed telephones cut from their wires and placed in a closet, along with other suspicious circumstances. After he reported this to the police department, the vice squad, of which Officer Stover was a member, began to investigate activities on the premises. In addition to receiving this report, Officer Stover learned from two fellow police officers and two other informants, whom he believed to be reliable, that a lottery was being conducted from apartment 604C.

In view of these facts I do not see how this case can be controlled by *Aguilar* v. *Texas,* 378 U. S. 108 (1964). There the affidavit was based purely on hearsay. It was found inadequate under the rule applied in *Giordenello* v. *United States,* 357 U. S. 480 (1958), where a majority of the Court found that the complaint "does not indicate any sources for the complainant's belief; and it does not set forth any other sufficient basis upon which a finding of probable cause could be made." At 486. The affidavit here not only alleged "personal observation" but recited that the affiant had information from other reliable "sources," who were subsequently identified as police officers and private informants.

I therefore dissent.

---

the case until *Ker* was decided—if any problem of unreasonable search existed. It is stranger still that the Court now grants and reverses this case summarily without giving Virginia a chance to argue the legality of its affidavit, which it had every reason to think was sufficient.