Keating, J.
(dissenting). While hearsay may undoubtedly bo the basis for the issuance of a search warrant, the significant consideration in each case is that there must first exist a “ substantial basis for crediting the hearsay” (Jones v. United States, 362 U. S. 257, 272; Aguilar v. Texas, 378 U. S. 108, 114; Riggan v. Virginia, 384 U. S. 152). That is why the affiant’s unsupported belief that probable cause exists is insufficient (Nathanson v. United States, 290 U. S. 41) and it is why the identity of an informer must occasionally be revealed (People v. Malinsky, 15 N Y 2d 86).
Probable cause, in short, is a conclusion to be drawn by the Magistrate based on the facts and circumstances underlying the affiant’s belief. The affiant’s belief, ' standing alone, gains nothing by repetition to a Magistrate, notwithstanding the rule that, in marginal cases, preference is to be accorded to a search conducted pursuant to a warrant over one not so conducted (United States v. Ventresca, 380 U. S. 102, 109).
The affidavit in this case, made by a New York City detective, states in pertinent part:
*462 “ I have information based upon a confidential informant that one [Albert Schnitzler, who is described physically in some detail and whose address is given] * * * is a seller of Narcotics and Marijuana in large quantities. Informant further stated that he was present when a delivery of marijuana was made to 62-60 Woodhaven Blvd. and believes that it was in excess of 50 lbs.
“Informant believes an immediate search of premises * * * occupied by Albert Schnitzler, should be made since Albert Schnitzler deals [with] narcotics and marijuana in large quantities only, and can dispose of the aforementioned shipment in a short time.
“ Based upon the foregoing reliable information and upon my personal knowledge there is probable cause to believe that such property namely Narcotics and Marijuana * * * may be found in the possession of Albert Schnitzler or at premises 62-60 Woodhaven Blvd.”
In addition to the affidavit, it appears from the record that the Judge who signed the warrant read it, inquired of the affiant as to its sufficiency, and obtained a statement from the officer that the informer was reliable.
When the whole of what is stated above is examined, however, it appears quite clearly that this warrant was issued on nothing more than the officer’s statement that an informer believed narcotics were present in Schnitzler’s apartment.
Statements in an affidavit which, individually, mean nothing do not cumulatively amount to probable cause. For example, affi-ant’s conclusion that the informer provided “ reliable information ” and that this, coupled with his “ personal knowledge ”, constituted probable cause, add nothing to probable cause where the Magistrate is afforded no basis on which to evaluate the reliability of the inform.er’s “ reliable information ” or the basis of the affiant’s “personal knowledge ”. This is not being hypertechnical. It is merely elevating the substance of what is stated over the form of words used.
In fact, the record reveals no basis at all for sustaining a belief, by the affiant or by the Judge, that the informer was reliable. If the affiant had “personal knowledge”, the basis of that too is undisclosed by the record. It does not appear from the record that the issuing Judge knew the name or obtained a *463 description of the informer bnt in the absence of some prior dealings which would attach significance to these factors (see Brinegar v. United States, 338 U. S. 160) the name of an informer alone adds nothing to probable cause. And neither the record nor the recollection of the issuing Judge tells us what information, if any, was supplied to add to the sufficiency of the affidavit.
In case after case we have stated, as the majority today states, “ that reasonable cause may be provided by communications from an informer so long as that information is substantiated either by the informer’s character and reputation or by separate objective checking of the informer’s tale ” (supra, p. 461), but this record reveals absolutely nothing of the informer’s “ character and reputation ” or of any independent checking of his tale in any particular at all.
The cases cited by the majority do not sustain a finding of probable cause here. In People v. Rogers (15 N Y 2d 422) the informer had supplied information in the past which had led to the conviction of three persons, and the affiant had independently observed the suspected premises on two occasions and had seen 13 persons, including 4 known addicts, entering and leaving. Both the informer’s reliability and independent corroboration were thus present.
In People v. Marshall (13 N Y 2d 28) the informer’s information “ was tested by independent observations ” (supra, p. 34) and other observations were made to justify a belief that policy bets were being taken on the premises.
Independent observations and reliable hearsay also justified a search in United States v. Ventresca (380 U. S. 102, supra). And in Brinegar v. United States (338 U. S. 160, supra) prior contacts with the petitioner justified stopping and searching his heavily laden automobile for illegal liquors after petitioner was recognized.
On the other hand, cases such as Aguilar v. Texas (378 U. S. 108, supra), Riggan v. Virginia (384 U. S. 152, supra) and Nathanson v. United States (290 U. S. 41, supra) seem clearly to compel a holding that probable cause does not exist in this case. In Aguilar, affiants asserted probable cause on the basis of “reliable information”, otherwise unspecified and unsup *464 ported. In Nathanson (supra, p. 46) probable cause was asserted on “ a mere affirmation of suspicion and belief without any statement of adequate supporting facts ”. In each case, the affidavit was held insufficient.
Recently, in Riggan v. Virginia (supra) the Supreme Court struck down a search warrant based on an affidavit which stated that it was sought on the basis of “ Personal observation of the premises and information from sources believed by the police department to be reliable ” (206 Va. 499, 500 n. 1).
The point in each case is that there must be more than a mere assertion of an informer’s reliability, or of independent corroboration, or of the ultimate conclusion of probable cause. There must be a statement of facts and circumstances from which those conclusions can reasonably be drawn and, when the facts and circumstances are based, not on independent knowledge by the affiant, but on an informer’s information, there must also be some basis for crediting the informer’s tale other than the affiant’s bare assertion of reliability.
Since the affidavit coupled with the testimony in this case fails to meet the required standards, the judgment of conviction should be reversed.
Judges Burke, Scileppi and Bergan concur with Chief Judge DesmoNd; Judge Keating dissents and votes to reverse in an opinion in which Judges Fuld and VaN Voorhis concur.
Judgment affirmed.