Chief Judge Fuld
(dissenting). I agree, of course, that an affidavit in support of a search warrant may be based on hearsay information and need not reflect the personal observations of the *126 affiant-police officer. But in such a case, as the Supreme Court has observed, the informant’s statement must be “ reasonably corroborated by other matters within the officer’s knowledge (Jones v. United States, 362 U. S. 257, 269.) Indeed, since in this case the majority acknowledges that, where the information comes from an undisclosed informant, it is necessary to demonstrate that he was 1 ‘ credible ’ ’ or his information ‘ ‘ reliable ’ ’, I find myself unable to understand how the court may conclude that the affidavit in this case was sufficient to justify issuance of a warrant.
The affidavit recited that an informant—with whom the officer had had no prior dealings — disclosed to the police the arrangements which he had made to purchase marihuana from the defendant. Subsequently, the informant produced four marihuana cigarettes which, he said, he had received from the defendant and, in addition, he described his plans to obtain more narcotics from the defendant on the following day. Although, if true, these facts would undoubtedly constitute probable cause and support issuance of a search warrant, the Magistrate who issued the warrant was given no information at all which could lead him to believe that the informant was credible or his story reliable.
The majority find it significant that the informant had told “ a story which" could with ease have been tested ” (opinion of court, p. 125, supra). However, the simple fact is that not the slightest effort was made to test or verify the informant’s account. In my view, it is both impermissible and dangerous to substitute the “ease” or facility with which information could be checked for the actual investigation and corroboration itself. Since there is no guarantee that an informant who tells a guileless tale is being truthful and perceptive rather than spiteful and simpleminded, there is as much need to check his story as any other. The mere unverified say-so of the informant in this case — even though he professed to be a participant in the criminal transaction—may not be relied upon to stamp bim as credible or render his account reliable. (See, e.g., Wong Sun v. United States, 371 U. S. 471, 480-482, 491.) It follows, then, that the search warrant was not based on probable cause and that the defendant’s motion to suppress should have been granted. (See, e.g., Riggan v. Virginia, 384 U. S. 152; Aguilar *127 v. Texas, 378 U. S. 108, 114-115; cf. People v. McCall, 17 N Y 2d 152, 156.)
The judgment of conviction should be reversed.
Judges Bergan, Scileppi and Breitel concur with Judge Burke ; Chief Judge Fuld dissents in an opinion in which Judges Van Voorhis and Keating concur.
Judgment affirmed.