Bruce **BOSLEY**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 40183.

Court of Criminal Appeals of Texas.

April 5, 1967.

Rehearing Denied May 17, 1967.

---

John Cutler, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Robert Floyd, Asst. Dist. Attys., and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is Possession of Heroin; the punishment is confinement in the Texas Department of Corrections for twenty (20) years.

In addition to the primary offense, the indictment alleged two (2) prior convictions of felonies less than capital apparently for the purpose of enhancement of punishment under the provisions of Article 63, Vernon's Ann.P.C. The Court granted appellant's pre-trial motion to quash that portion of the indictment alleging a prior conviction for Robbery and the case proceeded as one charging appellant as a subsequent offender under the provisions of Article 725b, V.A.P.C., since the remaining prior conviction involved a violation of the Uniform Narcotic Drug Act.

The case was tried before a jury on the question of guilt or innocence upon the primary offense alone. The appellant elected to have the judge assess the punishment. The prior conviction for the sale of marijuana as alleged in the second paragraph of the indictment was properly stipulated at the separate hearing on punishment, but it does not appear that the judge gave application to the enhanced punishment provisions of Article 725b, V.A.P.C., for the sentence pronounced reflects that the penalty imposed is for not less than two (2) nor more than twenty (20) years.

It will be necessary to summarize the facts to properly appraise appellant's grounds of error.

Officer B. E. Majors of the City of Houston Police Department testified that on December 13, 1965, he received information that one James Lyles had heroin in his possession for sale and use at his apartment at 1511 West 12th Street in Houston. He related that this information was received from a person that had given him information on previous occasions that proved to be true. Pursuant to these facts, Majors and other officers set up a surveillance of Lyles' apartment between 3 P.M. and 6 P.M. on December 13 and December 14, 1965.

Two of the three people seen entering the apartment on December 13, 1965, were known to the officers to be narcotic users. Two of the persons observed entering the following day were likewise known to the officers as narcotic users. At 8:25 P.M. on December 14, 1965, Officers Majors and Franguille obtained a search warrant from Justice of the Peace, Jack Treadway, and at approximately 11 P.M., Majors, Franguille and two other officers entered Lyles' unlocked apartment. Five minutes later the appellant Bosley and Lyles entered

the apartment. When the appellant saw the officers, he dropped two "papers" on the floor, and said, "You got me."; or as Officer Majors recalled, "I'm busted. I had the stuff.". A subsequent search of the apartment revealed two hypodermic syringes. The chain of custody of the "papers" was properly established, and Floyd McDonald, the chemist, testified that one of the two "papers" contained .74 grams of heroin and the other, .64 grams of heroin.

■ We find no merit in appellant's first ground of error that the trial court erred in its failure to hear the appellant's pre-trial motion to suppress evidence. The case at bar was set for trial and commenced on May 25, 1966, and on the same date, appellant filed his pre-trial motion to suppress. In declining to hear such motion, the trial judge clearly indicated to appellant that he could make any appropriate objection at the time the evidence sought to be suppressed was tendered on the trial on the merits. Nothing in Article 28.01, Vernon's Ann. C.C.P., or elsewhere in the Code of Criminal Procedure would have required the court to have heard the said motion to suppress. This article permits the trial judge, within his discretion, after five days notice to the accused, to set certain motions in limine and to suppress evidence. This innovation in Texas criminal procedure was designed to enable the trial judge to dispose of such matters sometime prior to trial to avoid delays after jurors and witnesses have been summoned. Unlike Rule 41 of the Federal Rules of Criminal Procedure, Article 28.01 C.C.P., is without detailed provisions for the procedure or scope of such motions to suppress. There being no specific requirement that objections to evidence resulting from arrests and searches be raised in pre-trial motions to suppress, it is clear that the defendant in Texas courts may still make such objections at the trial on the merits for the first time under the procedural requirements laid down in Rosales

v. State, Tex.Cr.App., 399 S.W.2d 541; Ramos v. State, Tex.Cr.App., 395 S.W.2d 628, 629; and Pritchett v. State, Tex.Cr. App., 214 S.W.2d 623.

It is further observed that shortly after the State called its first witness at the trial, the jury was removed, and a hearing was held to determine the legality of the search here involved.

■ Appellant's second ground is that the affidavit to the search warrant was insufficient to demonstrate probable cause for the issuance thereof.

We observe that the search warrant affidavit attached to the record is in almost the exact language, except for names, dates, addresses, and hours of surveillance as the affidavits approved by this Court in Acosta v. State, Tex.Cr.App., 403 S.W. 2d 434, and Gonzäles v. State, Tex.Cr.App., 410 S.W.2d 435.

Appellant cites Riggan v. Virginia, 384 U.S. 152, 16 L.Ed.2d 431, 86 S.Ct. 1378, as his authority that the affidavit here is insufficient as to probable cause. Appellant contends that Acosta v. State, supra, can be distinguished from the case at bar because in the Acosta case there was no comparison of the Acosta affidavit with the one in the Riggan case. That now has been done contrary to appellant's contention in Gonzales v. State, supra.

Appellant next contends that the trial court erred in refusing to permit the disclosure of the identity of the informant mentioned in the affidavit for the search warrant as well as the names of the "users of narcotics" seen going in and out of Lyles' apartment.

■ In permitting the officer to withhold the informant's identity, the Court was following well established Texas law. Acosta v. State, supra; Thayer v. State, Tex.Cr.App., 397 S.W.2d 236; Artell v. State, Tex.Cr.App., 372 S.W.2d 944. Appellant sought the identity of the undisclosed informer in order to refute the ex-

istence of probable cause for the search warrant's issuance, and not on the ground that the undisclosed informer's testimony was material to, and probative of, the main issue of guilt or innocence of the appellant. When the issue is not the guilt or innocence, but as in the case at bar, the question of probable cause for an arrest or search, peace officers need not invariably be required to reveal an informer's identity. This is especially true where the trial court is convinced by evidence submitted in open court and subject to cross-examination that the officers did rely in good faith upon credible information supplied by a reliable informer.

Appellant relies upon Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed. 2d 639, as his authority that the informant's identity be disclosed. The position of this Court relative to such a contention was stated in Acosta v. State, supra, as follows:

"Appellant cites a number of cases from other jurisdictions, and we hold, as we have in the past, that it is only those cases which were described by the Supreme Court of the United States in Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, that the name of the informer should be disclosed. That is where the informer 'had taken a material part in bringing about the possession of certain drugs by the accused, had been present with the accused at the occurrence of the alleged crime, and might be a material witness as to whether the accused knowingly' committed the act. It would appear from the holding of the opinion of the Supreme Court of the United States in Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887, that the Court does not intend to extend the rule announced in Roviaro v. United States, supra."

■ In the case at bar, the four (4) police officers, the appellant, and James Lyles, who testified for the appellant, were the only ones present at the time of the arrest, and there is no showing that the informer participated in the offense; was present at the time; or was a material witness as to whether the appellant had committed the act charged.

In disposing of a similar contention as that advanced here by the appellant, the United States Supreme Court in McCray v. State of Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62, said:

"What Roviaro thus makes clear is that this Court was unwilling to impose any absolute rule requiring disclosure of an informer's identity even in formulating evidentiary rules for federal criminal trials. Much less has the Court ever approached the formulation of a federal evidentiary rule of compulsory disclosure where the issue is the preliminary one of probable cause, and guilt or innocence is not at stake. Indeed, we have repeatedly made clear that federal officers need not disclose an informer's identity in applying for an arrest or search warrant. As was said in United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 745, 13 L.Ed.2d 684, we have "recognized that 'an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant,' so long as the magistrate is 'informed of some of the underlying circumstances' supporting the affiant's conclusions and his belief that any informant involved 'whose identity need not be disclosed * * * was "credible" or his information "reliable." ' Aguilar v. State of Texas, supra, 378 U.S. 108 at 114, 84 S.Ct. [1509], at 1514, [12 L.Ed.2d 723]." (Emphasis added.) See also Jones v. United States, 362 U.S. 257, 271–272, 80 S.Ct. 725, 736–737, 4 L.Ed.2d 697; Rugendorf v. United States, 376 U.S. 528, 533, 84 S.Ct. 825, 828, 11 L.Ed. 2d 887. And just this Term we have taken occasion to point out that a rule virtually prohibiting the use of informers would "severely hamper the Government" in enforcement of the narcotics

laws. Lewis v. United States, 385 U.S. 206, 210, 87 S.Ct. 424, 427, 17 L.Ed.2d 312.

In sum, the Court in the exercise of its power to formulate evidentiary rules for federal criminal cases has consistently declined to hold that an informer's identity need always be disclosed in a federal criminal trial, let alone in a preliminary hearing to determine probable cause for an arrest or search. Yet we are now asked to hold that the Constitution somehow compels Illinois to abolish the informer's privilege from its law of evidence, and to require disclosure of the informer's identity in every such preliminary hearing where it appears that the officers made the arrest or search in reliance upon facts supplied by an informer they had reason to trust. The argument is based upon the Due Process Clause of the Fourteenth Amendment, and upon the Sixth Amendment right of confrontation, applicable to the States through the Fourteenth Amendment. Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923. We find no support for the petitioner's position in either of those constitutional provisions."

 In support of his contention that the names of the "narcotic users" known to the officers should have been disclosed, appellant cites no authorities and we know of none.

 It should be observed that the information received from the undisclosed informer and relied upon in part by the officers to establish probable cause for the issuance of the search warrant provided the reason for the officers' presence at Lyles' apartment, but did not cause the arrest. The probable cause for the arrest was really not dependent upon the informer's statement. The officers being legally upon the premises by virtue of the search warrant observed a felony committed within their view when appellant dropped the two "papers" of heroin. The narcotics were obtained without any search of the appellant's person or the apartment. See Arredondo v. State, 168 Tex.Cr.R. 110, 324 S.W.2d 217.

Appellant's fourth ground of error relates to the failure of the trial court to instruct the jury not to consider a prejudicial and unresponsive answer of an experienced police officer on cross-examination concerning a statement made by appellant under arrest, and in failing to grant a mistrial.

 A careful examination of the record reveals that if the answer or answers of which the appellant complains were in fact unresponsive and error occurred, it was certainly cured by appellant in inquiring at some length as to the same matters before making any objection at all to the replies of which he now complains. Garza v. State, Tex.Cr.App., 397 S.W.2d 847; Ervin v. State, Tex.Cr.App., 367 S.W.2d 680; Ramirez v. State, 169 Tex.Cr.R. 494, 335 S.W.2d 228, 229; and Scanlin v. State, 165 Tex.Cr.R. 183, 305 S.W.2d 357.

Finding no reversible error. The judgment is affirmed.