ACCEPTED
01-14-00628-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/6/2015 4:46:40 PM
CHRISTOPHER PRINE
CLERK

**No. 01-14-00628-CR**

In the

Court of Appeals

For the

First District of Texas

At Houston

————————◆————————

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

5/6/2015 4:46:40 PM

CHRISTOPHER A. PRINE
Clerk

**No. 1919049**

In the County Criminal Court at Law No. 14

Of Harris County, Texas

————————◆————————

**MANUEL NAVA**

*Appellant*

V.

**THE STATE OF TEXAS**

*Appellee*

————————◆————————

STATE'S APPELLATE BRIEF

————————◆————————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**PATRICIA MCLEAN**
Assistant District Attorney
Harris County, Texas
mclean_patricia@dao.hctx.net

**ABAD SALMAN**
Assistant District Attorney
Harris County, Texas

1201 Franklin, Suite 600
Houston, Texas 77002
Tel.: 713/755-5826
FAX No.: 713/755-5809

*Counsel for Appellee*

ORAL ARGUMENT CONDITIONALLY WAIVED

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 39.1, the State waives oral argument because the briefs in this case adequately address the issues of fact and law to the Court. However, should the Court desire oral argument, the State requests oral argument.

## IDENTIFICATION OF THE PARTIES

Counsel for the State:

      **Devon Anderson**—District Attorney of Harris County

      **Abad Salman**—Assistant District Attorney at trial level

      **Patricia McLean**—Assistant District Attorney on appeal


Appellant:

      **Manuel Nava**


Counsel for Appellant:

      **Maverick Ray**—Defense counsel at trial level and on appeal


Trial Judge:

      **Hon. Michael Fields**

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT..................................................i

IDENTIFICATION OF THE PARTIES ................................................... ii

INDEX OF AUTHORITIES...............................................................iv

STATEMENT OF THE CASE............................................................1

STATEMENT OF FACTS ...............................................................2

SUMMARY OF THE ARGUMENT ..........................................................2

REPLY TO APPELLANT'S SOLE POINT OF ERROR..........................................3

   I.   The trial court was within its discretion to rule on appellant's motion to suppress solely on the face of the motions presented......................................5

   II.  Even if the trial court erred in hearing the DIMS summary after abatement, the proper remedy is to strike DIMS-summary-specific facts and findings from the record and proceed with appellate review. ......................................7

   III. Based upon review of the remaining record evidence, the trial court was within its discretion to deny appellant's motion to suppress the stop. ...........13

      A.   The trial court was within its discretion to deny appellant's motion to suppress, based upon violation of the Texas Transportation Code. .........13

      B.   The trial court was within its discretion to deny appellant's motion to suppress based upon the community caretaking exception to the warrant requirement..................................................................16

CONCLUSION .............................................................19

CERTIFICATE OF SERVICE .............................................................19

CERTIFICATE OF COMPLIANCE .................................................20

# INDEX OF AUTHORITIES

**CASES**

*Ackenback v. State*,
794 S.W.2d 567 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd) ......................4

*Amador v. State*,
221 S.W.3d 666 (Tex. Crim. App. 2007)................................................................4

*Bosely v. State*,
414 S.W.2d 468 (Tex. Crim. App. 1967)...............................................................5

*Brown v. State*,
183 S.W.3d 728 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) ....................14

*Cantu v. State*,
No. 01-88-01029-CR, 1989 WL 40718 (Tex. App.—Houston [1st Dist.] April 27, 1989, no pet.) (not designated for publication)................................................5, 7

*Castro v. State*,
227 S.W.3d 737 (Tex. Crim. App. 2007)..........................................................4, 14

*Corbin v. State*,
85 S.W.3d 272 (Tex. Crim. App. 2002)......................................................... 16, 17

*Dempsey v. State*,
857 S.W.2d 759 (Tex. App.—Houston [14th Dist.] 1993, no pet.)......................14

*Dorion v. State*,
283 S.W.3d 71 (Tex. App.—Beaumont 2009, no pet.) ................................. 16, 17

*Garcia v. State*,
43 S.W.3d 527 (Tex. Crim. App. 2001)................................................................14

*Garcia v. State*,

    827 S.W.2d 937 (Tex. Crim. App. 1992)...........................................................13

*Gonzales v. State*,

    No. 07-03-0241-CR, 2004 WL 344002 (Tex. App.—Amarillo Feb. 24, 2004, no
    pet.) (mem. op., not designated for publication)...................................................15

*Granados v. State*,

    85 S.W.3d 217 (Tex. Crim. App. 2002)...............................................................4

*Green v. State*,

    615 S.W.2d 700 (Tex. Crim. App. [Panel Op.] 1980), *cert. denied*, 454 U.S. 952
    (1981) ...................................................................................................................4

*Hailey v. State*,

    87 S.W.3d 118 (Tex. Crim. App. 2002)...............................................................5

*Harris v. State*,

    152 S.W.3d 786 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) ....................14

*Kay v. State*,

    No. 01-13-00595-CR, 2014 WL 3697917 (Tex. App.—Houston [1st Dist.] July
    24, 2014, no pet.) (mem. op., not designated for publication)..............................9

*Lewis v. State*,

    711 S.W.2d 41 (Tex. Crim. App. 1986)...............................................................9

*Moore v. State*,

    No. 14-02-00388-CR, 2003 WL 1087997 (Tex. App.—Houston [14th Dist.]
    March 13, 2003, no pet.) (corrected mem. op., not designated for publication) .13

*Romero v. State*,

    800 S.W.2d 539 (Tex. Crim. App. 1990)...............................................................4

*State v. Kelly*,

    204 S.W.3d 808 (Tex. Crim. App. 2006)...............................................................4

*State v. Story*,

445 S.W.3d 729 (Tex. Crim. App. 2014)...........................................................4, 5

*Thomas v. State*,

336 S.W.3d 703 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) ...................3, 4

*United States v. King*,

990 F.2d 1552 (10th Cir. 1993) ........................................................................16

*Valencia v. State*,

820 S.W.2d 397 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd)..................14

*Wiede v. State*,

214 S.W.3d 17 (Tex. Crim. App. 2007)................................................................3

*Wright v. State*,

7 S.W.3d 148 (Tex. Crim. App. 1999)......................................................... 16, 17

## STATUTES

TEX. CODE CRIM. PROC. ANN. art. 28.01 § 1(6) (West 2013) ............................5, 7

TEX. TRANSP. CODE ANN. § 545.401 (West 2013) ....................................... 14, 15

## RULES

TEX. R. APP. P. 39.1 .......................................................................................... i

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

Appellant was charged by misdemeanor information with the offense of driving while intoxicated. (C.R. at 6) Appellant filed a "Defendant's Motion to Suppress" and a "Defendant's Memorandum on Motion to Suppress." (C.R. at 57-66; C.R. Supp. at 8-13) A suppression hearing was held on April 8, 2014, and appellant's motion was denied by the trial court on the face of the motion and appellant's memorandum. (1 R.R. at 4; *see* C.R. at 57) No witnesses were heard at the hearing. Appellant subsequently pled guilty to driving while intoxicated and was sentenced to one year in the Harris County Jail, probated for eighteen months. (C.R. at 67-70; 1 R.R. at 5-6) Appellant timely filed notice of appeal on May 6, 2014, and the trial court certified appellant's right to appeal. (C.R. at 76-78)

On September 25, 2014, the appeal was abated for the trial court to supplement the record with its findings of fact and conclusions of law. (C.R. Supp. at 3) The following day, with both appellant's counsel and the State present, the trial court stated its findings of fact and conclusions of law after the State recited the DIMS summary for the case on the record.[1] (Abatement R.R. at 1, 5-9)[2] Written findings of fact and conclusions of law were subsequently submitted by the

___

[1]A DIMS summary is a brief synopsis of the facts of an offense written by the police officer who filed charges against a defendant.

State and approved and adopted by the trial court. (C.R. Supp. at 4-7; *see* Abatement R.R. at 4)

## STATEMENT OF FACTS

Appellant drove out of a parking lot onto a roadway, Shaver. (*See* C.R. at 57-58) Officer Ferguson, while patrolling that same roadway, observed a male appear to run after appellant's truck who then stopped and walked back to the parking lot. (C.R. at 57) The vehicle's passenger door opened at which point Officer Ferguson conducted a traffic stop.[3] (C.R. at 58) Appellant, the driver of the truck, was subsequently arrested for driving while intoxicated.[4] (C.R. at 58) Officer Ferguson stated in his offense report he stopped appellant's vehicle because he believed a disturbance was occurring. (C.R. at 58)

## SUMMARY OF THE ARGUMENT

The trial court was within its discretion to deny appellant's motion to suppress evidence on the face of appellant's motion and memorandum submitted to the trial court. Additionally, even if the trial court erred in allowing the State to read the DIMS summary after the appeal was abated, the proper remedy would be

---

[2] "Abatement R.R." refers to the Supplemental Reporter's Record from September 26, 2014.
[3] Although outside the scope of review for this Court, appellant's recitation of the facts in his "Memorandum on the Motion to Suppress" did not include a fact recited by the State at the abatement hearing that, once the vehicle door opened, the male ran towards the truck again. (*See* C.R. at 57-58; Abatement R.R. at 6)

2

to strike from the record those portions of the submitted findings based solely on the State's recitation. Review of the remaining appellate record confirms the trial court was still within its discretion to deny appellant's motion to suppress.

## REPLY TO APPELLANT'S SOLE POINT OF ERROR

In a single point of error, appellant argues the trial court's denial of his motion to suppress the stop of his vehicle constituted an abuse of discretion. As part of that point of error, appellant argues the trial court abused its discretion by ruling on the face of his motion and memorandum submitted, without the State presenting evidence. Appellant also contends the trial court's allowance of the State's recitation of the DIMS summary at the abatement hearing, and the entry of findings of fact and conclusions of law based, in part, on that recitation was an abuse of discretion.

Upon review of a trial court's ruling on a motion to suppress, appellate courts "must view the evidence in the light most favorable to the trial court's ruling." *Thomas v. State*, 336 S.W.3d 703, 707 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (citing *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007)). Any finding of the trial court in connection with its ruling on a motion to suppress, that is supported by the evidence, is not to be disturbed. *Ackenback v. State*, 794

---

[4] Appellant argues solely that the initial stop of his vehicle was impermissible. (C.R. at 58, 62, 65; Appellant's Brief at 1)

3

S.W.2d 567, 570 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd) (citing *Green v. State*, 615 S.W.2d 700, 707 (Tex. Crim. App. [Panel Op.] 1980), *cert. denied,* 454 U.S. 952 (1981)). Hearsay information is sufficient to support a fact or an opinion at a suppression hearing. *Castro v. State*, 227 S.W.3d 737, 743 (Tex. Crim. App. 2007) (citing *Granados v. State*, 85 S.W.3d 217 (Tex. Crim. App. 2002)).

When findings of fact are rendered after a motion to suppress is denied, reviewing courts must "determine whether the evidence—viewed in the light most favorable to the trial court's decision—supports the findings." *Thomas*, 336 S.W.3d at 707 (citing *State v. Kelly*, 204 S.W.3d 808, 818-19 (Tex. Crim. App. 2006)). While appellate courts "give almost total deference to the trial court's rulings on [ ] questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor, . . . when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, [appellate courts] review the trial court's ruling on those questions de novo." *Id.* (citing *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007)).

An appellate court "will uphold the [trial court's] judgment if it is correct on some theory of law applicable to the case, even if the trial judge made the judgment for a wrong reason." *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014) (citing *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990)).

Further, a trial court's ruling will not be reversed based on a legal theory that the complaining party did not present to it. *Id.* (citing *Hailey v. State*, 87 S.W.3d 118, 122 (Tex. Crim. App. 2002)).

I. **The trial court was within its discretion to rule on appellant's motion to suppress solely on the face of the motions presented.**

For motions to suppress evidence, "the court may determine the merits of [a motion to suppress evidence] on the motions themselves, or upon opposing affidavits, or upon oral testimony, subject to the discretion of the court." TEX. CODE CRIM. PROC. ANN. art. 28.01 § 1(6) (West 2013). In fact, "[n]othing in the rules of criminal procedure requires the trial court to hear any pre-trial motion, but the accused retains his right to raise any appropriate objection at trial." *Cantu v. State*, No. 01-88-01029-CR, 1989 WL 40718, at *1 (Tex. App.—Houston [1st Dist.] April 27, 1989, no pet.) (not designated for publication) (citing *Bosely v. State*, 414 S.W.2d 468 (Tex. Crim. App. 1967)). In *Cantu*, this Court upheld a trial court's choice to determine the merits of a defendant's motion to suppress based upon submitted affidavits instead of live testimony, as permitted by statute. *Id.*

Here, with his motion to suppress, appellant also filed a memorandum on the motion to suppress. (C.R. at 57-66; C.R. Supp. at 8-13) The trial judge stated on the record in the suppression hearing that the findings of fact were "contained in [appellant's] motion." (1 R.R. at 4) A notation of "denied" with the trial judge's initials are on appellant's memorandum. (C.R. at 57; *see* C.R. Supp. at 7)

5

Appellant's own recitation of the facts submitted to and expressly considered by the trial court in the suppression hearing stated:

> On September 16, 2013, Officer Ferguson was on patrolling [sic] the 2900 block of Shaver. Officer Ferguson saw a Ford F-150 truck exit a parking lot and merge onto Shaver. Officer Ferguson saw an unidentified male appear to run after the truck as it drove north on Shaver. The male stopped running, turned around, and began walking back to the parking lot entrance. Right as the passenger door opened, Officer Ferguson initiated a traffic stop on the Ford F-150, which was being driven by the Defendant. Officer Ferguson states in his Offense Report he stopped the vehicle because he believed a disturbance was occurring and subsequently arrested the Defendant for DWI.

(C.R. at 57-58) The State did not object to or contest appellant's rendition of the facts. Additionally, after the trial court denied appellant's motion, the State informed the trial court that appellant's blood alcohol concentration was a "[p]oint 2-2. . . [a]nd then there was a fight that broke out." (1 R.R. at 5)

While appellant argues there is no evidence supporting the trial court's denial of his motion to suppress because the State put on no witnesses and offered no affidavits, appellant ignores the fact that his counsel submitted a recitation of the facts which was uncontradicted and uncontested by the State at the suppression hearing. (*See* C.R. at 57-58) Just as appellant argues at length that his unsworn motion is sufficient to meet his burden to show the stop occurred without a warrant, so too, is that same motion and memorandum sufficient for the trial court

6

to consider when making a determination on the motion to suppress without the need for live-witness testimony at the hearing. (*See* TEX. CODE CRIM. PROC. ANN. art. 28.01 § 1(6) (West 2013); Appellant's Brief at 7-9)

Although appellant argues that the trial court's refusal to hear oral testimony at the hearing was an "ambush[ ]," he ignores statutory authority that the trial court is permitted to exercise its discretion to rule on such matters without live testimony. *See* TEX. CODE CRIM. PROC. ANN. art. 28.01 § 1(6) (West 2013); (Appellant's Brief at 13) Therefore, as in *Cantu*, the trial court here was free to rule on the basis of the motion and memorandum without live-witness testimony. Appellant was free to call his own witnesses or cross-examine Officer Ferguson at trial after the motion's denial. *See Cantu*, 1989 WL 40718 at *1. Appellant chose, instead, to plead guilty rather than develop any such testimony at trial.

Therefore, because the trial court was permitted to rule upon appellant's motion to suppress evidence based upon the motions filed, the trial court's decision to do so in this case was not an abuse of discretion.

## II. Even if the trial court erred in hearing the DIMS summary after abatement, the proper remedy is to strike DIMS-summary-specific facts and findings from the record and proceed with appellate review.

Appellant contends that the trial court's allowance of the State's recitation of the DIMS summary during the abatement hearing constituted an abuse of

7

discretion and those portions of the trial court's findings of fact and conclusions of law based upon the DIMS recitation should be stricken from the appellate record.

Upon abatement of the appeal for the trial court to enter its findings of fact and conclusions of law, the trial court stated its reasoning for denying appellant's motion on the record.[5] (Abatement R.R. at 5-9)  During the abatement hearing, the State recited the DIMS summary to the trial court, most of which mirrored appellant's own recitation of the facts listed in his memorandum on the motion to suppress submitted to and considered by the trial court at the suppression hearing. (Abatement R.R. at 5-6, 8; *see* C.R. at 57-58)  Appellant's counsel, present for the abatement hearing, did not object to the State's recitation and affirmed to the trial court facts such as appellant's size and that he "pulled out of the parking lot and into a public street . . . ."  (Abatement R.R. at 7-8)

This Court has recognized that, upon abatement of an appeal, "[a] trial court is not authorized to conduct an evidentiary hearing to develop a record of *new testimony* and *other evidence* that was not presented at trial, or developed on motion for new trial." *Kay v. State*, No. 01-13-00595-CR, 2014 WL 3697917, at *5 (Tex. App.—Houston [1st Dist.] July 24, 2014, no pet.) (mem. op., not

---

[5] Although the trial court stated that it had previously heard the State's recitation of probable cause in this case, the State did not recite probable cause on the record at the suppression hearing.  (*See* Abatement R.R. at 5)

8

designated for publication) (quoting *Lewis v. State*, 711 S.W.2d 41, 43-44 (Tex. Crim. App. 1986)).

In such cases where additional evidence was considered upon abatement, appellate courts have proceeded with analysis without consideration of the additional evidence presented during a case's abatement. *See Lewis*, 711 S.W.2d at 44 (finding appellate court "correctly refused to consider [ ] evidence presented by [the defendant] at his post-abatement evidentiary hearing"); *Kay*, 2014 WL 3697917 at *5 (evaluating record on appeal without "consider[ing] the testimony from the evidentiary hearing that was held while the case was abated"). Here, the appeal was abated for the trial court to enter "written findings of fact and conclusions of law."[6] (C.R. Supp. at 3) Because the DIMS summary was not read or filed on the record during the suppression hearing, reading this additional information during the abatement hearing likely constituted additional evidence submitted to the trial court. *See Kay*, 2014 WL 3697917 at *5. However, this Court can still proceed with appellate review by striking those DIMS-summary-

---

[6] Appellant implies no notice was given of the abatement hearing. (Appellant's Brief at 13-16) However appellant's counsel was present on the record for the abatement hearing, held the day after the appeal was abated, where the trial court's finding of facts and conclusions of law were discussed. (*See* Abatement R.R. at 4; C.R. Supp. at 3) Appellant's counsel also agreed he recalled the State, as the prevailing party, was to submit the proposed findings per the trial court's policy, no objection was made regarding the findings, and appellant's counsel was scheduled to return to court once the findings were submitted. (*See* Abatement R.R. at 4, 9-10)

9

specific portions of the trial court's findings of fact and conclusions of law, as appellant also proposes. (*See* Appellant's Brief at 16)

Notably, certain portions of the trial court's findings of fact and conclusions of law are supported by the record developed at the suppression hearing and the trial court expressly stated that its findings were contained within appellant's motion. (*See* C.R. at 57-58; 1 R.R. at 4) Therefore, only those findings which rely solely on the State's DIMS summary recitation should be stricken from the appellate record, as that is the only evidence that was not presented at the suppression hearing. The remaining facts and conclusions, supported by appellant's own memorandum and the record, should be permitted for appellate review. Appellant concedes as much, as he has requested a portion of the trial court's findings to be stricken from the record, rather than the findings in their entirety. (*See* Appellant's Brief at 16)

However, appellant is incorrect in his identification of the findings that should be stricken. (*See* Appellant's Brief at 16) Specifically, those findings which rely solely on the DIMS recitation and should be stricken from the record are items (6a-6d), (7), (9), and (17) from the "I. Findings of Fact" section of "State's Proposed Findings of Fact and Conclusions of Law" adopted by the trial court on September 30, 2014. (C.R. Supp. at 4-7) Additionally, the word "bar" should be stricken from item (11), and the word "stopped" should be stricken from

item (13) from the "I. Findings of Fact" section of "State's Proposed Findings of Fact and Conclusions of Law." (*See* C.R. Supp. at 6) The phrase "stopped in the road and" should be stricken from item (1), and the phrase "stopping in a public road and" should be stricken from item (3) in the "II Conclusions of Law" section of the findings. (*See* C.R. Supp. at 6) Additionally, portions of the abatement reporter's record regarding the DIMS-summary-specific facts should be stricken for appellate review. (*See* Abatement R.R. at 5-9)

All remaining findings of fact and conclusions of law are supported in the appellate record developed at the suppression hearing and, therefore, need not be stricken from the record for appellate review. With these redactions, the trial court's findings of fact and conclusions of law would appear for review, in pertinent part, as follows:

## I. Findings of Fact

### Preliminary Findings

(Items 1-4 would remain unaltered)

5. On April 8, 2014, the court denied the Defendant's motion to suppress. The court ruled based on the face of the motion.

8. The Court finds that the Defendant did not provide any affidavit to state that the Defendant was (1) arrested without a warrant and (2) was not violating the law. The Court finds that there were no facts put at issue by the Defendant.

11

## The Offense

10. The Court finds that on September 16, 2013, the Defendant operated a motor vehicle in a public place in Harris County, TX, while intoxicated.

## Stop, Arrest, and Search

11. The Court finds that Officer Ferguson observed the Defendant exit a [ ] parking lot.

12. The Court finds that Officer Ferguson observed a male chasing after the Defendant's vehicle.

13. The Court finds that the passenger side door of the Defendant's vehicle opened as the Defendant was [ ] in the road.

14. The Court finds that Officer Ferguson, given the totality of the circumstances, believed that the Defendant was in need of help.

15. The Court finds that Officer Ferguson was primarily motivated by a community caretaking purpose when he stopped the Defendant's vehicle.

16. The Court finds that Officer Ferguson's belief that the Defendant needed help was reasonable.

## II. Conclusions of Law

1. Officer Ferguson was justified in stopping the Defendant's vehicle based on the community caretaking function and Officer Ferguson's reasonable belief that the Defendant needed help due to the fact that he [ ] opened his passenger side door as a male was chasing him. *Franks v. State*, 241 S.W.3d 135 (Tex. App.—Austin [3rd Dist.] 2007, pet. ref'd) [sic] *Wright v. State*, 7 S.W.3d 148, 151-52 (Tex. Crim. App. 1999). [sic] *Dorion v. State*, 283 S.W.3d 71 (Tex. App.—Beaumont [9th Dist.] 2009).

2. Because Officer Ferguson conducted a community caretaking stop in this case, he was not required to have reasonable suspicion or probable cause to believe that the Defendant had committed an offense. *Franks v. State*, 241 S.W.3d 135 (Tex. App.—Austin [3rd Dist.] 2007, pet. ref'd.[sic])

12

3. Alternatively, the Defendant's action of [ ] opening the passenger side door is per se reckless and gives rise to probable cause that the crime of reckless driving had been committed.

(*See* C.R. Supp. at 4-7)

With such redactions made, this Court can consider the remaining record to evaluate the merits of appellant's point of error.

**III. Based upon review of the remaining record evidence, the trial court was within its discretion to deny appellant's motion to suppress the stop.**

The trial court was within its discretion to find Officer Ferguson permissibly stopped appellant's vehicle due to violation of the Texas Transportation Code or, alternatively, acted in his community caretaking function when he stopped appellant's vehicle.

### A. *The trial court was within its discretion to deny appellant's motion to suppress, based upon violation of the Texas Transportation Code.*

A police officer may stop and detain a motorist for investigation if the officer has a reasonable suspicion that a traffic violation was committed, or if the offense is committed in the officer's presence. *Moore v. State*, No. 14-02-00388-CR, 2003 WL 1087997, at *1 (Tex. App.—Houston [14th Dist.] March 13, 2003, no pet.) (corrected mem. op., not designated for publication) (citing *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992)). Furthermore, an "officer need not observe all the elements of an offense, but must merely reasonably believe that an offense is occurring in order to make an arrest." *Dempsey v. State*, 857 S.W.2d

13

759, 761 (Tex. App.—Houston [14th Dist.] 1993, no pet.) (citing *Valencia v. State*, 820 S.W.2d 397 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd) (finding officer "at least had articulable facts and an adequate degree of suspicion" to perform investigatory stop for traffic law violations)). Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity. *Castro*, 227 S.W.3d at 741 (citing *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001)).

A person commits the offense of reckless driving if he drives his vehicle "in wilful [sic] or wanton disregard for the safety of persons or property." TEX. TRANSP. CODE ANN. § 545.401 (West 2013). This Court has clarified that "'willful and wanton disregard' means the 'deliberate and conscious indifference to the safety of others.'" *Brown v. State*, 183 S.W.3d 728, 733 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (quoting *Harris v. State*, 152 S.W.3d 786, 796 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd)).

In this case, the record evidence, provided by appellant's counsel, supports a finding that appellant was engaged in reckless driving at the time of the stop. (*See* C.R. at 57-58) Appellant pulled his vehicle out onto a roadway, the same roadway upon which Officer Ferguson was patrolling, and drove away from a parking lot with someone running behind him. (C.R. at 57-58) At some point on the roadway,

14

appellant's passenger door was opened. (C.R. at 57-58) Based upon this record evidence, Officer Ferguson's stop of the vehicle was permissible.

In *Gonzales v. State*, the Amarillo Court of Appeals upheld a trial court's denial of a motion to suppress after officer testimony described the defendant's vehicle veering towards him to the point he believed the vehicle would hit him, even though the officer stated he did not consider such action "to be a violation of the law. . . ." No. 07-03-0241-CR, 2004 WL 344002, at *3 (Tex. App.—Amarillo Feb. 24, 2004, no pet.) (mem. op., not designated for publication). Although the officer also testified he saw the defendant's rear license plate light was not working, the appellate court found the testimony was sufficient to "support the trial court's finding of reasonable suspicion that . . . reckless driving[ ] occurred." *Id.*

Although there is no officer testimony in this case, the facts given by appellant's counsel, and uncontested by the State, support a finding that Officer Ferguson had reasonable suspicion appellant was driving in willful or wanton disregard for the safety of persons or property when the passenger door of his vehicle was opened while he was operating a truck on a roadway being chased by someone on foot. TEX. TRANSP. CODE ANN. § 545.401 (West 2013). Therefore, because the record supports the contention that Officer Ferguson had reasonable suspicion that appellant was driving recklessly in violation of the Texas

15

Transportation Code, the trial court was within its discretion to deny appellant's motion to suppress without witness testimony.

**B. *The trial court was within its discretion to deny appellant's motion to suppress based upon the community caretaking exception to the warrant requirement.***

Even without reasonable suspicion or probable cause that an offense has been committed, a police officer may reasonably seize an individual through the exercise of his community caretaking function. *Corbin v. State*, 85 S.W.3d 272, 276 (Tex. Crim. App. 2002) (citing *Wright v. State*, 7 S.W.3d 148, 151-52 (Tex. Crim. App. 1999); *see also United States v. King*, 990 F.2d 1552, 1560 (10th Cir. 1993)). To invoke an officer's community caretaking function, the "officer's primary motive must be concern for the individual's well-being" and the belief that appellant needed help must be reasonable. *Dorion v. State*, 283 S.W.3d 71, 75 (Tex. App.—Beaumont 2009, no pet.) (citing *Corbin*, 85 S.W.3d at 277).

Here, the trial judge found that Officer Ferguson acted under the community caretaking exception to the warrant requirement. (C.R. Supp. at 6) The Court of Criminal Appeals has provided guidance in determining if an officer's belief is reasonable in that "courts may look to a list of four non-exclusive factors: (1) the nature and level of distress exhibited by the individual; (2) the location of the individual; (3) whether or not the individual was alone and/or had access to assistance other than that offered by the officer; and (4) to what extent the

16

individual, if not assisted, presented a danger to himself or others." *Corbin*, 85 S.W.3d at 277 (citing *Wright*, 7 S.W.3d at 152).

In *Dorion v. State*, the Beaumont Court of Appels upheld the trial court's denial of appellant's motion to suppress based upon the community caretaking function. 283 S.W.3d at 75. In *Dorion,* the officer submitted an affidavit for a suppression hearing stating he saw the defendant's vehicle travelling slowly with intermittent blinking brake lights and noticed the defendant had vomited on the ground outside his car. *Id.* at 73-74. The officer later testified at trial the defendant had not violated any traffic laws when he was stopped, he saw the vehicle pulled over with the door open and brakes displayed, and later stated appellant drove off the roadway with the door open as he was vomiting. *Id.* at 74.

Here, the record shows that appellant was seen driving a truck out of a parking lot and a person was running behind him. (C.R. at 57-58) Appellant's passenger door was then opened while appellant was still on the roadway. (C.R. at 57-58) Officer Ferguson believed a disturbance was occurring. (C.R. at 58) Appellant's distress is evidenced by the opening of vehicle doors while his vehicle was on the same roadway Officer Ferguson was patrolling. (*See* C.R. at 57-58) Although the pedestrian later walked away from appellant's truck, distress was also shown by the fact that the person was initially seen running after appellant's moving vehicle. (*See* C.R. at 57-58) While there is some record evidence

regarding appellant's location, the dangerous act of opening a passenger door on a roadway supports the reasonable inference that appellant needed help. Additionally, the act of opening the door on the roadway supports the reasonable inference that appellant was causing a danger to himself, to the pedestrian running after him, and to other vehicles or pedestrians travelling on the roadway, including Officer Ferguson. (*See* C.R. at 57-58)

Therefore, the record supports the finding that Officer Ferguson acted under the community caretaking exception to the warrant requirement and such an act was both reasonable and permissible.

The trial court could have reasonably found, based upon the appellate record—without reference to evidence gained at the abatement hearing—that Officer Ferguson's stop of appellant was based on reasonable suspicion that appellant committed the traffic violation of reckless driving. Therefore, the trial court was within its discretion to deny appellant's motion to suppress the stop. Alternatively, the record supports the finding that Officer Ferguson acted within his community caretaking function in stopping appellant's vehicle. Therefore, the trial court was within its discretion to deny appellant's motion to suppress. The trial court was also within its discretion to deny appellant's motion on the basis of the motions themselves, as expressly authorized by statute.

# CONCLUSION

It is respectfully submitted that all things are regular and the conviction should be affirmed.

**DEVON ANDERSON**
District Attorney
Harris County, Texas

/s/ Patricia McLean
**PATRICIA MCLEAN**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
TBC No. 24081687
mclean_patricia@dao.hctx.net

# CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been sent to the following email address via e-filing:

Maverick Ray
Attorney for Appellant
maverickraylaw@gmail.com

/s/ Patricia McLean
**PATRICIA MCLEAN**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
TBC No. 24081687

19

# CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of 4,056 words, based upon the representation provided by the word processing program that was used to create the document.

/s/ Patricia McLean
**PATRICIA MCLEAN**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
TBC No. 24081687

Date: 5/6/2015